**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| EDDIE S. WATKINS | * | |
| ADC #084056, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | No. 4:20cv01354-JJV |
| | * | |
| | * | |
| DEXTER PAYNE, Director, | * | |
| Arkansas Division of Correction | * | |
| | * | |
| Respondent. | * | |

<u>**MEMORANDUM AND ORDER**</u>

## I.    INTRODUCTION

Petitioner Eddie S. Watkins, an inmate at the Grimes Unit of the Arkansas Division of

Correction, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. No. 2.) Mr.

Watkins is not challenging his conviction, but rather the alleged denial of his meritorious good

time. (Doc. No. 2, at 1.) A procedural summary of his case is as follows:

> On October 17, 2018, Mr. Watkins was released by ADC to supervised parole.
> On June 29, 2019, Mr. Watkins was arrested following a routine traffic stop. He
> was charged as a habitual offender with three felonies in 30CR-19-230. On
> December 10, 2019, Mr. Watkins was arrested again and charged as a habitual
> offender with two felonies in 30CR-20-8. On December 26, 2019, Mr. Watkins
> admitted he had violated the conditions of his parole by, in part, using alcohol and
> controlled substances and failing to pay his supervision fees as ordered. Mr.
> Watkins also admitted that these violations were "serious enough to justify the
> revocation of" his parole. Mr. Watkins then waived his parole revocation hearing,
> accepted an administrative sanction for the violation, and agreed to be placed in
> ADC custody for a minimum of 90 days. Once he executed the waiver, he was
> placed in Nevada County, Arkansas jail on a parole hold.
> On January 7, 2020, Mr. Watkins entered a negotiated plea of guilty to the
> charges in 30CR-19-230. On January 21, 2020, he did the same in 30CR-20-8. Mr.
> Watkins remained incarcerated in the county jail until his transfer to Ouachita River
> Correction Unit (ORCU) on January 29, 2020. From his release to supervised

1

parole until the return to ADC custody, Mr. Watkins's good-time earning classification was Class I-P.

After his arrival at the ORCU, he was transferred again to the Grimes Unit. There, he submitted a "Request for County Good Time." The ADC determined that Watkins was "not eligible for this time due to being a parole violator." Mr. Watkins filed a grievance stating that even though he served a 90-day sanction for violating the conditions of his parole, ADC erred when they classified him as a parole violator. This grievance alleged that ADC's erroneous classification and denial of his request for meritorious good time violated his "14th Amendment right of procedural due process." ADC staff reviewed Mr. Watkins's grievance and determined that he was indeed a parole violator and as such was "not eligible for 626 good time." Mr. Watkins appealed the decision to the unit warden. The warden of the Grimes Unit also found Mr. Watkins to be a parole violator and thus ineligible for the 626 days of good time credit. Mr. Watkins sought further review of the warden's determination, but ADC found his appeal to be without merit and denied relief on October 29, 2020. Mr. Watkins did not seek further review in the Arkansas judicial system.

(Doc. No. 14, at 3-4.)

In the Petition for Habeas Corpus now before the Court, Mr. Watkins raises a single claim for relief. He alleges a "14th Amendment due process of liberty violation" arising from the denial of his meritorious good time credit. (Doc. No. 2, at 1.) After careful consideration of the Petition, Response, and Reply, I find that the Petition must be dismissed with prejudice.

## II.     ANALYSIS

### A.  Failure to State a Constitutional Claim

A person seeking habeas relief in the United States District Court is required to bring a claim that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also*, *e.g.*, *Evanstad v. Carlson*, 470 F.3d 777, 782 (8th Cir. 2006) ("'[F]ederal habeas corpus relief does not lie for errors of state law . . . [and] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

2

Plainly, in a habeas action, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (internal citations omitted); *see also Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Therefore, Mr. Watkins must establish that the alleged deprivation of his good time credit serves to lengthen his sentence.

Arkansas's good time statute, Ark. Code Ann. § 12-29-201(d) (Supp. 2019), does not apply to reduce the length of a prisoner's sentence. The statute only works to reduce the amount of time before a prisoner is eligible for transfer. Ark. Code Ann. § 12-29-201(e)(1) (Supp. 2019); *see also Ellis v. Norris*, 232 F.3d 619, 620 (8th Cir. 2000). Mr. Watkins fails to realize there is a difference "between being deprived of a liberty one has, as in parole, and being denied a conditional liberty that one desires." *Greenholtz v. Inmates of the Neb. Penal and Corr. Complex*, 442 U.S. 1, 9 (1979). Thus, even if the ADC had deprived Mr. Watkins of his meritorious good time, it would not have served to lengthen his sentence. Accordingly, Mr. Watkins fails to state a constitutional claim that is cognizable in a habeas petition.

Even if I were to take as true that the ADC's denial of Mr. Watkins meritorious good time resulted in an erroneous calculation of his parole eligibility date, there is still no cognizable constitutional claim. Mr. Watkins presumes he enjoys a liberty interest in the possibility of parole, but he is mistaken. Parole is not a constitutionally protected interest and Arkansas law does not create such an interest. *See Greenholtz*, 442 U.S. at 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."; *see also, e.g., Parker v. Corrothers*,

750 F.2d 653, 655-57 (8th Cir. 1984) ("[T]he Arkansas parole statutes do not create a liberty interest because they provide that the parole board 'may' instead of 'shall' grant parole and because the substantive limitations on the Board's discretion are minimal.") *Accord Richmond v. Duke*, 909 F. Supp. 626, 631 (E.D. Ark. 1995) ("When a prisoner is committed to the custody of the a state penal authority (*e.g.*, the ADC), he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court.") Since neither the Constitution of the United States nor Arkansas law creates a liberty interest in parole, there is no federal question and Mr. Watkins habeas petition is not cognizable in this court. Accordingly, I must deny Mr. Watkins's Petition.

### B.  Merit

In the alternative, Mr. Watkins's Petition is without merit. Contrary to his belief, the ADC did not deprive him of his meritorious good time credits.  In fact, the ADC properly credited Mr. Watkins for the time he earned as a parolee. According to Ark. Code Ann. § 12-29-201(a) (Supp. 2019), an inmate may be entitled to meritorious good time that reduces his transfer eligibility date up to thirty (30) days for each month incarcerated, after the imposition of sentence, in a facility maintained by the Division of Correction (DOC) or the Division of Community Correction (DCC). An inmate paroled to the supervision of the DCC may continue to receive meritorious good time credit up to 30 days for each month under supervision. *See* Ark. Code Ann. § 12-29-201(b) (Supp. 2019). Any individual sentenced to the DOC or DCC by a circuit court and awaiting transfer to the facility may earn meritorious good time in accordance with the law and rules adopted by the Board of

Corrections. *See* Ark. Code Ann. § 12-29-205(a)(1) (Supp. 2019); *see also* (Doc. No. 14, Exhibit 8 at 3.)

However, only inmates who are on their initial commitment to the ADC receive retroactive good time credits. (Doc. No. 14, Exhibit 10.) Such inmates do not earn good time credits until they are received at the ADC facility and are designated as a Class II inmate. (Doc. No. 14, Exhibit 9 at 4.) They then are retroactively credited with the good time earned while they awaited transfer to the facility. *See* Ark. Code Ann. § 12-29-205(a)(1) (Supp. 2019). This was not Mr. Watkins's initial commitment to an ADC facility. Rather, he returned after his release to parole and was already earning meritorious good time days based on his existing Class I-P status. (Doc. No. 14, Exhibit 9 at 1-2, 4.) Thus, the ADC did not err in denying his request for meritorious good time earned while awaiting transfer.

Mr. Watkins was released by the ADC to supervised parole on October 17, 2018 and his good time credit earning classification at that time was Class I-P. (Doc. No. 14, Exhibit 1 at 1, 2.)  Mr. Watkins remained a Class I-P inmate until OCRU reclassified him upon admission. (*Id*. at 2.) From the date Mr. Watkins was paroled, October 17, 2018, until his admission to OCRU on January 29, 2020, 469 days had elapsed. The ADC credited Mr. Watkins with those 469 meritorious good time days. (*Id.*) Mr. Watkins was credited the maximum amount of meritorious good time allowed by law. Therefore, his claim fails on the merits.

## III.    CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it

16

enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In this case, Mr. Watkins has failed to make a showing that his constitutional rights were violated. Therefore, no certificate of appealability should be issued.

## IV.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.  Mr. Watkins's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED with prejudice.

2.  A certificate of appealability will not be issued.

SO ORDERED this 26th day of January 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE